BERNARD R. SPIRTIS AND AUDREY SPIRTIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Spirtis v. Commissioner
Docket No. 492-84.
United States Tax Court
T.C. Memo 1985-44; 1985 Tax Ct. Memo LEXIS 591; 49 T.C.M. (CCH) 610; T.C.M. (RIA) 85044; January 28, 1985
Richard S. Cotler, for the petitioners. David R. Smith, for the respondent. DAWSON
*610 MEMORANDUM OPINION DAWSON, Chief Judge: This case is before the Court on petitioners' Motion for Litigation Costs filed on July 23, *611 1984, pursuant to Rule 231 [1] and section 7430. [2] The issue for decision is whether respondent's position in the civil proceeding was unreasonable. If this issue is resolved in favor of petitioners, the Court must also decide whether petitioners' litigation costs are reasonable. *592 BACKGROUND On December 8, 1983, respondent determined a deficiency of $24,224.36 in petitioners' Federal income tax for the 1980 taxable year. The most significant adjustment that gave rise to the deficiency was a disallowance of a deduction of $37,134 for publication and distribution expenses incurred in connection with an activity described as sales of books. Petitioners reported $37,134 of income from book sales. The deductions claimed on their return, therefore, resulted in no net income or loss from that activity. The notice of deficiency was issued without petitioners' knowledge that their return was under examination by respondent. Prior to their receipt of the notice of *3 deficiency, petitioners had not received a thirty-day letter or any other correspondence concerning an examination of their return. On January 9, 1984, petitioners filed their petition. At that time they resided in Hollywood, Florida. Their joint return for the 1980 taxable year had been filed with the Internal Revenue Service Center in Atlanta, Georgia. On February 29, 1984, respondent filed an answer to the petition. On or about May 24, 1984, petitioners' counsel and a representative *593 of respondent's Miami Appeals Office reached a settlement on the substantive issues in this case. On July 23, 1984, the parties filed a stipulation as to settled issues pursuant to Rule 231(c), agreeing to a deficiency of $824 for the taxable year 1980. [3]
DISCUSSION The parties agree that petitioners have substantially prevailed in this case within the meaning of section 7430(c)(2)(A)(ii) and that petitioners have met the section 7430(b)(2) requirement of exhaustion of administrative remedies. Having met these requirements, pursuant to section *4 7430(c)(2)(A)(i), petitioners must still establish that respondent's position in the civil proceeding was unreasonable. [4] They have failed to do so. This *594 case is governed by Baker v. Commissioner,83 T.C. 822 (1984), wherein, upon substantially similar facts, we denied the taxpayer's motion for litigation costs. In the instant case, within approximately four and one-half months after the petition in this case was filed, the parties had orally agreed to a settlement of the substantive issues. Respondent agreed to the allowance of a deduction for the $37,134 in expenses relating to the book activity once the expenses had been verified to his satisfaction. The fact that respondent required petitioners to provide substantiation for a deduction claimed on their return is not unreasonable. See Baker v. Commissioner,supra at 830, and cases cited therein. Once petitioners provided the verification, respondent expeditiously conceded the issue. Petitioners repeatedly emphasize the fact that no loss with respect to the book activity was claimed on their return. We attach little significance to this factor, *5 however, because even though no net loss may have been claimed, the fact remains that petitioners reported $37,134 of income from the book activity and claimed a deduction of $37,134 to *595 offset such income. It is not unreasonable for respondent to take the position that the expenses must be substantiated. Petitioners contend that the unreasonable conduct of respondent was the issuance of the notice of deficiency that "disallowed deductions that were only used to offset income to the extent of the at risk limitations." Petitioners further contend that the actions of respondent's Appeals Office and District Counsel Office in their willingness to enter into stipulation documents serve to verify the unreasonableness of respondent's position. We have recently held, however, that we must test the reasonableness of respondent's position during the litigation from the time of the filing of the petition, which in this case was on January 9, 1984. Baker v. Commissioner,supra at 827-828. Moreover, the fact that the government eventually loses the case is not determinative of the issue of reasonableness. Baker v. Commissioner,supra at 828, and cases cited therein. Petitioners finally contend that respondent was unreasonably in filing an answer that denied the allegations of the petition. Petitioners do not, however, clearly *596 *6 develop this argument. We certainly can find no facts to support a finding that respondent unreasonably delayed settlement in this case, nor do petitioners so allege. The determination of reasonableness must be based upon all the facts and circumstances surrounding the proceeding. Baker v. Commissioner,supra at 828. The filing of an answer and the circumstances surrounding that action are factors to consider. We decline to hold, as petitioners request, that in the usual case the filing of an answer is the event by which eligibility for an award of litigation costs should be measured. We note that in the cases docketed in this Court, the Commissioner rarely concedes a case in the answer and even more rarely concedes a case without filing an answer. Rather, in the usual case, pursuant to Rule 36(a), the Commissioner's representative in the District Counsel Office files an answer within 60 days from the date of service of the petition and then, pursuant to Rev. Proc. 82-42, 82-2 C.B. 761, the case is referred by District Counsel to the Appeals Division for consideration of settlement of the case. Rev. Proc. 82-42 contemplates *597 that, generally, early settlement of a case will occur in the Appeals Office when it states as follows: .04 Appeals will have sole settlement authority over docketed cases referred to Appeals pursuant to these procedures until the *7 case is returned to Counsel. Counsel may request return of a case to Counsel when appropriate to allow adequate trial preparation. Whenever a docketed case is returned to Counsel, sole authority to dispose of the case by trial or settlement will revert to Counsel. [Rev. Proc. 82-42, supra at 762; emphasis added.] Respondent followed the usual procedures in the instant case.He filed an answer and then followed the procedures as pronounced in Rev. Proc. 82-42. Such action is not unreasonable. Having considered the remainder of petitioners' arguments and finding them unpersuasive, we deny their motion. In view of our disposition of this issue, we find it unnecessary to address the issue of whether the litigation costs are reasonable. An appropriate order will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. The deficiency results from a disallowance of the income averaging tax computation that was used by petitioners in 1980.↩
4. Sec. 7430(c)(2). Prevailing party.-- (A) In general.--The term "prevailing party" means any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which-- (i) establishes that the position of the United States in the civil proceeding was unreasonable ***↩